UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

MAURICIO LEPE-CHOLICO

Case No. 2:14cr012

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

   ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

   ☐ Time served.

   If the defendant's sentence is reduced to time served:

      ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, i.e. chronic asthma, possible irritable bowel syndrome, prediabetes, Hepatitis C, and compromised immune system due to corticosteroids, together with the risks associated with COVID-19, qualify as "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c) that warrant compassionate release. The Court finds Defendant has exhausted his administrative remedies with regard to his chronic asthma and compromised immune system, but he has not exhausted his administrative remedies with regard to his remaining alleged conditions because he did not mention them in his reduction-in-sentence request to the Bureau of Prisons. Nevertheless, the Court will assume, without deciding, that Defendant has met his burden to show extraordinary and compelling reasons under § 3582(c).

That is not the end of the Court's analysis, however. The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, a confidential source reported that Defendant dealt in kilogram-size amounts of cocaine and "cooked" it into crack. Defendant also purchased a minimum of a half-pound of crystal

3

methamphetamine from one of his co-defendants weekly over a period of at least three months for a total amount of 2.7216 kilograms of crystal methamphetamine. Additionally, Defendant purchased a minimum of 1.5 pounds of crystal methamphetamine from another co-defendant. Defendant sold crystal methamphetamine via two controlled purchases involving law enforcement for a total of 54.7 grams. He also arranged for the purchase of firearms to carry out his plans. In total, the presentence investigation report attributed Defendant with 3.4567 kilograms of crystal methamphetamine. In May 2014, pursuant to a plea agreement, Defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of a mixture of methamphetamine and quantities of cocaine and oxycodone. With a total offense level of forty-one and a criminal history category of I, Defendant's advisory guideline range was 324 to 405 months' imprisonment. In November 2014, the Court departed downward and sentenced Defendant to 180 months' imprisonment. Defendant's projected release date is November 22, 2026, meaning he has over five and one-half years left to serve. If he were released now, he will have served well below both his advisory guidelines and his favorable sentence. Notably, Defendant is scheduled to receive his first dose of the COVID-19 vaccine on April 5, 2021, which significantly diminishes the probability that Defendant will become ill from the virus. After considering the § 3553(a) factors, the Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: March 23, 2021

_____
UNITED STATES DISTRICT JUDGE